UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GIOVANNI SHEA KINSEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FREDRICK REIDER, JEREMY JANSKI, JIM RAYMOND, STEPHEN SULTEMEIER, EDUARDO MADRIGAL and RICK LONG,<br><br>　　　　　　Defendant. | NO: 4:17-CV-5018-RMP<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO OBEY A COURT ORDER |

By Order filed April 13, 2017, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss within sixty (60) days. Plaintiff, a prisoner at the Benton County Jail, is proceeding *pro se* and *in forma pauperis*. He did not comply with the Court's Order and has filed nothing further in this action.

//

//

ORDER DISMISSING COMPLAINT FOR FAILURE TO OBEY A COURT ORDER -- 1

**DISMISSAL FOR FAILURE TO OBEY A COURT ORDER**

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

The first two factors weigh in favor of dismissal. The need to manage the docket and the public's interests are served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because the defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, Plaintiff did not present a legally sufficient complaint. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to amend his complaint. Plaintiff, however, has already had two months in which to file an amended complaint; and failed to do so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal. On balance, the four factors that favor dismissal outweigh the one that

ORDER DISMISSING COMPLAINT FOR FAILURE TO OBEY A COURT ORDER -- 2

does not. *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal), *cert. denied*, 488 U.S. 819 (1988)).  Accordingly, **IT IS ORDERED** that Plaintiff's complaint, ECF No. 7, is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, forward a copy to Plaintiff, and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** July 24, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DISMISSING COMPLAINT FOR FAILURE TO OBEY A COURT ORDER -- 3